IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ZANNIE JAY LOTHARP,            )
                               )
        Plaintiff,              )
                               )
        v.                      )      1:20CV1062
                               )
OFFICE OF THE U.S. ATTORNEY,   )
                               )
        Defendant(s).           )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Zannie Jay Lotharp, who was previously convicted of drug charges in this Court in case 1:19CR448-1, submitted a pro se complaint and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names the Office of the United States Attorney as the only Defendant in the case and seeks $4,000,000 in damages.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous

where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim."  Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).  As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint.  Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional.  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted).  In making such findings, this Court may "apply common sense."  Nasim, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Where a complaint pleads facts that are

-2-

Case 1:20-cv-01062-LCB-LPA   Document 3   Filed 03/15/21   Page 2 of 5

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and because it fails to state a claim on which relief may be granted.

A civil cover sheet filed (Docket Entry 2, Attach. 3), as well as the Complaint (Docket Entry 2, § II(B)) itself, indicate that the Complaint is filed under the Court's diversity jurisdiction because Plaintiff is a citizen of North Carolina and the Defendant is foreign nation.  Of course, the United State's Attorney's Office is not a foreign nation.  The cover sheet also indicates that Plaintiff seeks a review under the Administrative Procedure Act or is making an appeal of an agency decision.  However, this does not appear to be the case.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'  But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

The Complaint itself contains very little other than conclusory legal jargon. Attachments to the Complaint are similar, but more extensive and substantive. As best as the Court can ascertain, Plaintiff mailed nonsensical and frivolous documents to personnel in the United States Attorney's Office in this District demanding that they close a nonexistent account associated with his criminal case, stop using his credit, and/or pay him $4,000,000. Unsurprisingly, they either did not respond or did not acquiesce to his demands. He then sent further mailings which he believes establish some type of "dishonor" or default that entitles him to $4,000,000 in damages.

As an initial matter, the Court notes that it appears that Plaintiff may be attempting to undermine conviction or sentence in this Court. If so, Plaintiff may not do so without first showing that such conviction was reversed on direct appeal, expunged by Executive Order, or, finally, called into question on collateral review. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff's conviction in this Court remains valid and in effect. Therefore, to the extent his claims undermine it, they should be dismissed.

Even if Plaintiff's claims do not somehow undermine his conviction, they still fail because they are utterly frivolous. As stated above, there is no account associated with Plaintiff's criminal conviction. Neither is his criminal conviction somehow a use of his credit. Essentially, Plaintiff made a frivolous demand to the United States's Attorney's Office for $4,000,000, that Office did not provide him with the money, and Plaintiff now seeks to have the Court order the payment. Such a claim is utterly frivolous and does not state any cognizable claim for relief. The Court should dismiss this action.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $46.30. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $46.30.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of May of 2021, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

This, the 15th day of March, 2021.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
